## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| JUSTIN MARLAND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:24-cv-04237-SLD-RLH |
| CONSOLIDATED GRAIN & BARGE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER**

Plaintiff Justin Marland and Defendant Consolidated Grain & Barge Company ("CGB") have filed a Joint Motion to Stay Discovery Deadlines. (Doc. 14.) In the motion, the parties explain that CGB intends to file a third-party complaint. As such, the parties have requested a stay of all discovery deadlines to "ensure that a discovery schedule is entered which corresponds with the timeline of the forthcoming [third-party] complaint." (Doc. 14 at 2.) In addition to a stay, the parties request that the Court (1) "enter a minute order re-scheduling new discovery dates" and (2) "allow the immediate joinder" of the third-party defendant. (Doc. 14 at 1, 2.) For the reasons explained below, the motion is DENIED without prejudice.

The parties' request to enter a new discovery schedule is procedurally improper and is denied. Federal Rule of Civil Procedure 16(b)(4) requires parties to demonstrate "good cause" to modify a scheduling order. In requesting this modification, parties must state (1) the date that the parties intend to change and (2) the amount of additional time requested. Civil L.R. 6.1. Likewise, this Court's

Standing Order requires parties who request an extension to (1) set forth the deadline the parties seek to move; (2) set forth the new deadline requested; and (3) state whether the request affects the dispositive motion deadline.[1]

The parties have not satisfied these requirements. Other than a stay, the parties have not indicated precisely what deadlines they intend to modify, nor have they indicated how long they want those deadlines extended. *See* Text Order dated July 29, 2025 (setting the operative deadlines in the case). The Court also notes that fact discovery closed on September 30, 2025, which renders the parties' request for an extension untimely.[2] The Court will therefore deny this request. To modify the scheduling order, the parties must file an appropriate motion in accordance with the rules set forth in this Order.

In addition, the parties ask the Court to "allow the immediate joinder" of a third-party defendant. Federal Rule of Civil Procedure 14(a)(1) provides that a "third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Here, CGB answered Marland's complaint on December 24, 2024, so any third-party complaint would require the Court's leave. Civil Local Rule 7.1(F), however, provides that "[i]f filing a document requires leave of the Court, the filing party must attach the proposed document as an exhibit to a motion to file." No such exhibit was attached

---

[1] *See* STANDING ORDER IN CIVIL CASES OF U.S. MAGISTRATE JUDGE RONALD L. HANNA 3 (2025), https://www.ilcd.uscourts.gov/sites/ilcd/files/local_rules/STANDING%20ORDER%20IN%20IN%20CIVIL%20CASES_Final%20Clean%20%28REvised%202025_06_03%29.pdf

[2] The parties are advised that Civil Local Rule 6.1 also provides that "[m]otions filed out of time will be denied, unless the presiding judge determines that such denial would create a substantial injustice."

here. Moreover, the parties' initial discovery schedule set a March 31, 2025 deadline to join additional parties. (Doc. 10 at 1.) That deadline was not changed by the parties' subsequent request for an extension of time to complete discovery. (*See* Doc. 12-1 at 1.) It follows that the any attempt to join parties would be untimely unless the parties requested and obtained an extension of time to do so.

Finally, the parties request a stay. Courts have "the inherent power to issue a stay to promote efficiency and to save time and money for litigants." *Johnson v. Navient Sols., Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015). The Court agrees with the parties, though does not decide, that the filing of a third-party complaint would likely constitute good cause to modify a scheduling order. The Court also finds, however, that imposing an indefinite stay without a sense of when the parties may join additional parties and conduct discovery would not promote the prompt and efficient resolution of this case.

For these reasons, the parties' [14] Joint Motion to Stay Discovery Deadlines is DENIED without prejudice. If the parties seek to file a third-party complaint, modify the Court's scheduling order, or both, they must do so in accordance with the procedural requirements outlined in this Order.

*So ordered.*

Entered this 14th day of October 2025.

s/ Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge
